# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL FRAY GREEN,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | **Civil Action No.:** |
| | * | |
| **NATIONAL TRANSFER, LLC, et al,** | * | |
| | * | |
| Defendants. | * | |
| | * | |
| | * | |

## NOTICE OF REMOVAL

Defendant National Transfer, LLC files this Notice of Removal of this matter from the Circuit Court of Colbert County, Alabama, to the United States District Court for the Northern District of Alabama, Northwestern Division. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of said removal, Defendant shows unto the Court as follows:

### BRIEF STATEMENT OF FACTS

1. On February 25, 2022, Plaintiff Michael Fray Green filed a Complaint in the Circuit Court of Colbert County, Alabama, styled <u>Michael Fray Green v. National Transfer, LLC</u>, and bearing Civil Action Number 20-CV-2022-900046. A copy of all filings in the state court action is attached collectively hereto as "Exhibit A."

2. Plaintiff Michael Green, at the time and commencement of this action, and since that time, was and is a resident citizen of the State of Alabama. (Pl. Compl. ¶ 1)

1

3.    The Complaint names National Transfer, LLC and various fictitious parties as defendants. (Pl. Compl. ¶ 2-3)

4.    Defendant National Transfer, LLC is a limited liability company formed under the laws of, headquartered in, and operating out of the State of Tennessee. (Pl. Compl. ¶ 2) It includes two members: Heidi Devries and Martin Devries. They are both resident citizens of the State of California.

5.    Plaintiff claims injuries and damages arising out of a motor vehicle accident between his vehicle and a truck owned by National Transfer, LLC, that occurred on June 27, 2021 on Highway 72 near the intersection of Indian Street in Colbert County, Alabama. (Pl. Compl. ¶ 6-7) The Complaint includes allegations of negligence, wantonness, and negligent/wanton entrustment against National Transfer, LLC and negligence and wantonness against fictitious parties. (Pl. Compl. ¶ 5-13)

6.    The Complaint does not seek a sum certain, but prays for "judgment against Defendant, National Transfer, LLC, in a sum for compensatory damages in such some as a jury may deem just and appropriate under the circumstances, plus the costs of this action." (Pl. Compl. *ad damnum* clauses)

7.    Service was perfected on Defendant on March 3, 2022. (Ex. A, Service Return).

8.    Defendant has provided a copy of this Notice of Removal to all adverse parties and to the Clerk of the Circuit Court of Jefferson County, Alabama in accordance with 28 U.S.C. § 1446(d).

9.    This Notice is being filed with this Court within thirty (30) days after the removing defendant received a copy of Plaintiff's Complaint.

**ARGUMENT**

I.   **COMPLETE DIVERSITY OF CITIZENSHIP EXISTS.**

This Court has diversity jurisdiction of this matter pursuant to 28 U.S.C. § 1332, because the suit is between citizens of different states.  Plaintiff is a resident citizen of Alabama, while Defendant is a resident citizen of California.

Although Ala. R. Civ. P. 9(h) allows a plaintiff ignorant of the true name of an opposing party to designate that party by a fictitious name, 28 U.S.C. § 1441(a) forbids considering the citizenship of fictitious parties in determining the existence of diversity.  It states in pertinent part: "[f]or purposes of removal under this chapter [28 USCS §§ 1441 et seq.], the citizenship of defendants sued under fictitious names shall be disregarded."[1]  Therefore, only the citizenship of the named parties are to be considered in determining diversity of citizenship.

Plaintiff may cite to Brown v. TranSouth Fin. Corp., 897 F. Supp. 1398 (M.D. Ala. 1995) for the proposition that, where a plaintiff alleges a cause of action against a fictitious defendant, giving a definite clue as to the identity of that fictitious defendant by specifically referring to an individual acting as a company's agent, the court should consider the citizenship of that fictitious defendant in determining diversity jurisdiction. However, Brown, as well as other oft-cited cases such as Marshall v. CSX Transp. Co., 916 F. Supp. 1150 (M.D. Ala. 1995) (De Ment, J.), Tompkins v. Lowe's Home Center, Inc., 847 F. Supp. 462, 464 (E.D. La. 1994), Green v. Mutual of Omaha, 550 F. Supp. 815, 818 (M.D. Cal. 1982) and Wright v. Sterling Investors Life Ins. Co., 747 F. Supp. 653, 655 (N.D. Ala. 1990) are inapplicable to the case at bar, insofar as same either involve cases in which the Plaintiff was seeking to add a resident defendant by amendment

---

[1] "This language was added in 1988 under the Judicial Improvements and Access to Justice Act, in order to curtail the practice of naming fictitious defendants merely to destroy diversity."  Howell v. Circuit City, 330 F. Supp. 2d 1314, 1317 (M.D. Ala. 2004).

(Marshall, Brown, Wright), or predate the 1988 amendment to the Judicial Improvements and Access to Justice Act (Green), or incorrectly rely on pre-1988 law (Tompkins). *See* Howell v. Circuit City, 330 F. Supp. 2d 1314, 1317-1318 (M.D. Ala. 2004).

Here, the named parties are an individual citizen of Alabama and a limited liability company with two members who are citizens of California. For purposes of diversity jurisdiction – and hence removal – a limited liability company is attributed to the citizenship of its members. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F. 3d 1020 (11th Cir. 2004). Because each of its members is a California citizen, National Transfer, LLC is to be treated as a California citizen. Accordingly, the parties are presently completely diverse, thereby fulfilling the requirement of 28 U.S.C. § 1332. If and when Plaintiff seeks to amend his Complaint to name the true identity of the fictitious party(ies), the question of whether he should be allowed to do so would be ripe for determination; for now, diversity of citizenship exists.

**II.     THE AMOUNT IN CONTROVERSY MORE LIKELY THAN NOT EXCEEDS THE $75,000.00 JURISDICTIONAL THRESHOLD.**

Plaintiff does not demand a specific amount in his Complaint. (*See* Pl. Compl. generally) Removal of a state court case, in which the complaint does not specify the amount of damages sought, on the basis of diversity jurisdiction is proper if it is "facially apparent" from the complaint that the amount in controversy exceeds the jurisdictional threshold. Williams v. Best Buy Co., 269 F.3d 1316, 1319-20 (11th Cir. 2001). Indeed, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Dart Cherokee Basin Operating Co. v. Owens, 135 S. Ct. 547, 554 (2014). Section 1446(c)(2)(B) only requires evidence establishing the amount in controversy when the plaintiff contests, or the court questions, the defendant's allegation. Id.

Defendant does not anticipate that Plaintiff will dispute that the amount in controversy exceeds this Court's jurisdictional threshold. However, if he does, Defendant recognizes that it has the burden of proving by a "preponderance of the evidence" that the amount in controversy is more likely than not more than $75,000.00. Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996), abrogated on other grounds by Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000); *see also* Flowers v. Priority Healthcare Pharm., Inc., 2007 U.S. Dist. LEXIS 34688 (S.D. Ala. 2007) (applying the Tapscott standard); Sierminski v. Transouth Fin. Corp., 216 F. 3d 945, 948 (applying a "preponderance of the evidence" standard when considering whether a removing defendant had properly established the amount in controversy).

Of course, predicting a jury verdict is an inexact science. Indeed, "it is the peculiar function of the jury to determine the amount by their verdict." Barry v. Edmunds, 116 U.S. 550, 565 (1886). Instead, the best predictor for a potential jury verdict, and thus, the amount in controversy, is a compilation of previous verdicts rendered in other, similar cases. Courts have recognized that defendants may properly discharge their burden of proof by offering such examples. *See, e.g.*, Kirkland v. SSL Americas, Inc., 263 F. Supp. 2d 1326, 1333 (M.D. Ala. 2003) (finding that defendant proved the amount in controversy exceeded $75,000 by providing Alabama state court verdicts above that amount from similar actions); *see also* Bullock v. United Benefit Ins. Co., 165 F. Supp. 2d 1255, 1258-59 (M.D. Ala. 2001); *see also* Owens v. Life Ins. Co. of Georgia, 289 F. Supp. 2d 1319, 1327 (M.D. Ala. 2003).

Alabama juries have frequently rendered verdicts which substantially exceed this Court's jurisdictional threshold in cases involving claims similar to those raised by Plaintiff:

| VERDICT | STYLE | CV NO. | VENUE | FACTS |
|---|---|---|---|---|
| $3,000,000.00 | Marshall v. R.W. Delaney Construction Co. et al | CV-15-900103 | Conecuh County | Plaintiff claimed a tractor-trailer hauling an oversized load pulled into his path from a side road and caused him to |

5

| | | | | sideswipe the rig, thus leading Plaintiff's vehicle to flip over. Plaintiff's retail medical expenses totaled $71,399.00. |
|---|---|---|---|---|
| $1,000,000.00 | Simoneau v. United Parcel Service, Inc. | CV-2012-901209 | Mobile County | Plaintiff claimed that a UPS truck driver turned left in front of him, causing him to collide with the side of the UPS truck. Plaintiff's medical providers claimed subrogation in the amount of $23,295.40. |
| $870,000.00 | Ricks v. Transport Distribution Company | CV-09-900098 | Colbert County | Plaintiff claimed Defendant's tractor-trailer rear-ended the Alabama Department of Transportation vehicle he was operating to alert motorists of a work crew. Plaintiff's medical and worker's comp providers claimed subrogation in the amount of $28,633.00. |

These similar cases show that the amount in controversy here is more likely than not in excess of the jurisdictional threshold of $75,000.00.

### III.   DEFENDANT HAS MET THE NOTICE REQUIREMENTS FOR REMOVAL.

Concurrently with the filing of this Notice of Removal, Defendant shall cause to be filed a copy of this Notice of Removal with the Clerk of the Circuit Court of Colbert County, Alabama, and copies of this Notice of Removal will be provided to Plaintiff pursuant to 28 U.S.C. § 1446(d).

### CONCLUSION

For the foregoing reasons, Defendant respectfully requests this Honorable Court take jurisdiction of this case and issue all necessary orders and process in order to remove the case from the Circuit Court of Jefferson County, Alabama to the United States District Court for the Northern District of Alabama, Northwestern Division.

Respectfully submitted,

_____
J. Bernard Brannan, III (asb-6262-s64b)
Ralph D. Gaines, III (asb-6605-n69r)
*Attorneys for Defendant*

**OF COUNSEL:**
Gaines Gault Hendrix P.C.
361 Summit Blvd., Suite 200
Birmingham, Alabama 35243
Phone: (205) 402-4803
Fax:    (205) 980-1098
bbrannan@ggh-law.com
rgaines@ggh-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of April, 2022, a copy of the foregoing was served electronically and/or by placing a copy of same in the U.S. Mail, first-class postage prepaid and properly addressed, as follows:

Tim Case
408 West Dr. Hicks Blvd.
Florence, AL 35630
jessica@timcaselawyer.com

_____
OF COUNSEL